FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| RICARDO GOMEZ, an individual, | No. 13-56084 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-10456-RGK-SH |
| v. | |
| QUICKEN LOANS, INC., | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted June 5, 2015
Pasadena, California

Before: M. SMITH and N. R. SMITH, Circuit Judges, and LEFKOW,** Senior
District Judge.

Ricardo Gomez, an individual with a disability who derives part of his

income from Social Security Disability Insurance (SSDI), a public assistance

---

\*       This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

\*\*       The Honorable Joan Humphrey Lefkow, Senior District Judge for the
U.S. District Court for the Northern District of Illinois, sitting by designation.

program, appeals from the district court's order dismissing his complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] We reverse in part, affirm in part, and remand.

Gomez claims that Quicken Loans, Inc. (Quicken)'s request for "medical proof of his current and future disability" as a condition to approving his mortgage loans violated (1) the Fair Housing Act, 42 U.S.C. § 3601 *et seq*. (FHA); (2) the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* (ECOA); (3) the Fair Employment and Housing Act, Cal. Gov't. Code. § 12900 *et seq*. (FEHA); and (4) the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq*. (Unruh). The FHA, FEHA, and Unruh each make it illegal for an entity to discriminate against an individual in the housing or credit transaction context because of a disability. The ECOA and FEHA further prohibit discrimination on the basis of whether an individual receives income from public assistance. *See* 15 U.S.C. § 1691(a)(2); Cal. Gov't Code §§ 12955(a), 12927(h), (i).

Gomez pursued two theories of discrimination liability; namely, that Quicken purposefully treated him unfairly because of his disability and source of

---

[1] Gomez also seeks review of the district court's denial of his Motion to Alter Judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). Because we reverse in part the district court's judgment and grant leave to amend, we do not reach this issue.

income (disparate treatment), and that Quicken had a neutral business policy that resulted in his being treated unfairly because of his disability and source of income (disparate impact). The district court dismissed Gomez's claims, citing 15 U.S.C. § 1691(b)(2) of the ECOA, and reasoning that "information related to the source of current and future income is material to Defendant's legitimate and non-discriminatory need to evaluate Plaintiff's creditworthiness."

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must accept all well-pled facts as true and construe facts "in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd., v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). An affirmative defense cannot serve as a basis for dismissal unless it is obvious on the face of the complaint. *See Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013).

Although information about an individual's receipt of disability income may serve a legitimate purpose, the statutes do not insulate all behavior related to the evaluation of creditworthiness from judicial review. Section 1691(b)(2) of the ECOA, for example, on which the district court relied, merely allows a lender to inquire into the source of an applicant's disability income, not the medical reason

for it. *See Al-Nashiri v. MacDonald*, 741 F.3d 1002, 1009 (9th Cir. 2013) (the plain meaning of the statute controls "unless its application leads to unreasonable or impracticable results"). Gomez alleges that Quicken treated individuals receiving disability income with special scrutiny by requiring them to divulge medical information in order to obtain mortgage loans. In other words, disabled individuals like Gomez were subject to the presumption that their SSDI award letters were insufficient evidence of income and asked to meet a higher standard of proof than other applicants. Drawing all reasonable inferences in Gomez's favor, as we must at the pleading stage, such a presumption gives rise to a plausible inference of intentional discrimination. Indeed, underwriting materials published by Fannie Mae emphasize that SSDI income is "considered stable, predictable, and likely to continue" and that a lender "is not expected to request additional documentation from the borrower." *Selling Guide: Fannie Mae Single Family* § B3-3.2-01 at 276 (Dec. 30, 2009).

Even if the purpose of Quicken's policy is benign, Gomez has stated a claim for disparate treatment because he has pled the existence of a facially discriminatory policy. To be facially discriminatory, a policy must "explicitly classif[y] or distinguish[] among persons by reference to criteria . . . which have been determined improper bases for differentiation." *De la Cruz v. Tormey*, 582

4

F.2d 45, 49 (9th Cir. 1978); *see Cmty. House, Inc., v. City of Boise*, 490 F.3d 1041, 1048 (9th Cir. 2006) ("A facially discriminatory policy is one which on its face applies less favorably to a protected group."). Here, Gomez's amended complaint alleges that disabled individuals receiving SSDI must disclose medical information about their disabilities to qualify for a loan. In contrast, no other applicant is required to reveal such sensitive information. As such, by its terms, the policy applies less favorably to a protected group of which Gomez is a part. That Gomez ultimately received the loan does not change this conclusion.

However, Gomez fails to state a claim for relief under an alternate theory of disparate impact. To make a *prima facie* case of disparate impact, the complaint must allege "(1) the occurrence of certain outwardly neutral practices, and (2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's neutral acts or practices." *The Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 711 (9th Cir. 2009). While Gomez has satisfied the second element, the complaint fails to state how Quicken's practices were "outwardly neutral." Gomez failed to expressly allege, for example, that Quicken applied a uniform standard of assessing creditworthiness that resulted in a discriminatory impact. Gomez need not state the precise contours of

Quicken's policy at the pleading stage, but he must allege how the challenged policy could be facially neutral.

Notwithstanding this shortcoming in the pleadings, the district court erred by dismissing Gomez's disparate impact claim with prejudice. "Dismissal without leave to amend is proper only if it is clear, upon de novo review, that the complaint could not be saved by any amendment." *MHC Fin. Ltd. P'ship v. City of San Rafael*, 714 F.3d 1118, 1132-33 (9th Cir. 2013); *see also* Fed. R. Civ. P. 15(a)(2). As this deficiency is curable by amendment, Gomez should be granted leave to amend the complaint.

Each party shall bear its own costs on appeal.

**REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.**